**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VISUAL CONTENT IP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:15-cv-1839 |
| | § | |
| LG ELECTRONICS U.S.A., INC., | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF VISUAL CONTENT IP, LLC'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Visual Content IP, LLC files this Complaint for patent infringement against Defendant LG Electronics U.S.A., Inc., and alleges as follows:

**PARTIES**

1.      Plaintiff Visual Content IP, LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1400 Preston Road, Suite 487, Plano, Texas 75093.

2.      Upon information and belief, Defendant LG Electronics U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue Englewood Cliffs, New Jersey 07632. LG Electronics U.S.A., Inc. may be served with process through its registered agent United States Corporation Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant is subject to the specific personal jurisdiction of this Court's because Plaintiff's claims for patent infringement against Defendant arise from Defendant's acts of infringement in the State of Texas.  These acts of infringement include selling infringing products in the State of Texas, placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products have been shipped into the State of Texas, and operating an interactive website facilitating the sale of infringing products in the State of Texas.  In addition, Defendant has training and distribution facilities located in the State of Texas which, upon information and belief, are involved in the marketing, sale and distribution of infringing products in the State of Texas and throughout the nation.  Therefore, this Court has personal jurisdiction over the Defendant under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendant has engaged in acts of infringement in the State of Texas described above sufficient to subject it to personal jurisdiction in this District if the district were a separate State.

## ASSERTED PATENTS

7.      On May 29, 2012, the United States Patent and Trademark Office issued United States Patent No. 8,189,965 ("the '965 Patent") entitled "Image processing handheld scanner system, method, and computer readable medium," a true copy of which is attached as Exhibit 1.

8.      On February 26, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,384,947 ("the '947 Patent") entitled "Handheld scanner and system comprising same," a true copy of which is attached as Exhibit 2.

9.      On October 29, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,570,588 ("the '588 Patent") entitled "Image capture unit and computer readable medium used in combination with same," a true copy of which is attached as Exhibit 3.

10.     On April 8, 2014, the United States Patent and Trademark Office issued United States Patent No. 8,693,047 ("the '047 Patent") entitled "Image capture unit and computer readable medium used in combination with same," a true copy of which is attached as Exhibit 4.

11.     On July 22, 2014, the United States Patent and Trademark Office issued United States Patent No. 8,786,897 ("the '897 Patent") entitled "Image capture unit and computer readable medium used in combination with same," a true copy of which is attached as Exhibit 5.

12.     The Asserted Patents were invented by Albert Durr Edgar, Darryl Ray Polk, Michael David Wilkes, Sheppard Parker, and Martin Potucek, and Michael Charles Wilder, all from Central Texas.  The original assignee of the Asserted Patents was Image Trends, Inc., of Austin, Texas.  Plaintiff is the owner by assignment of the Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## ACCUSED INSTRUMENTALITIES

13.     Defendant has made, imported, used, offered for sale, and/or sold certain "all-in-one scanner and mouse" devices and associated applications, including the Scanner Mouse LSM-100, Scanner Mouse LSM-150, and Scanner Mouse LSM-300, which infringe the Asserted Patents ("the Accused Scanner Mouse Devices").  Defendant has also made, imported, used,

offered for sale, and/or sold certain mobile devices and associated applications, including the LG

Optimus G Pro, LG V10, LG G4, LG G Flex2, LG G3, LG Ultimate 2, LG G Stylo, LG Optimus

L90, and other mobile phones or devices (e.g., tablets) that are capable of using Defendant's VR

Panorama image capture feature that infringe the Asserted Patents ("the Accused Mobile

Devices").  The Accused Scanner Mouse Devices and Mobile Devices are collectively referred

to herein as the "Accused Instrumentalities."

## FIRST CLAIM FOR RELIEF
### (Infringement of the '965 Patent)

14.     Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

15.     Upon information and belief, Defendant has been and is now directly and/or

indirectly infringing one or more claims of the '965 Patent by (1) making, importing, using,

offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to

use the patented inventions in an infringing manner.

16.     More particularly, without limitation, upon information and belief, Defendant is

now directly infringing one or more claims of the '965 Patent by making, importing, using

(including use for testing purposes), offering for sale, and/or selling the Accused

Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include

the image processing system and perform one or more of the methods described and claimed in

the '965 Patent.

17.     The Accused Instrumentalities comprise a scanner system that includes at least

one processor, memory coupled to the at least one processor, and instructions accessible from the

memory of the processor.

18.     The instructions associated with the Accused Instrumentalities cause the

processor to process sensor data received from a scanner, wherein the sensor data includes a

plurality of image tiles and position indicating data defining a respective relative position of each one of the image tiles.

19.     The plurality of image tiles includes data representing a discrete portion of visual content of a scanned object.

20.     The instructions associated with the Accused Instrumentalities also cause the processor to display a feedback image derived from the image tile data.

21.     The display of the feedback image derived from the image tile data includes causing the processor to display the discrete portion of the visual content of each one of the image tiles in a real-time or near real-time manner with respect to each one of the image tiles being generated.

22.     The instructions associated with the Accused Instrumentalities cause the processor to display the discrete portion of the visual content of each one of the image tiles by correlating the relative position of each one of said image tiles in the real-time or near real-time manner with at least one other image tile that has been previously generated and displayed.

23.     Additionally, the computer-executable instructions of the Accused Instrumentalities are configured for controlling at least one processor to perform the step of processing sensor data received from a scanner, wherein the sensor data includes a plurality of image tiles and position indicating data defining a respective relative position of each one of the image tiles, wherein each one of the image tiles includes data representing a discrete portion of visual content of a scanned object.

24.     The computer-executable instructions of the Accused Instrumentalities are configured for controlling at least one processor to perform the additional step of displaying a feedback image derived from the image tile data, wherein displaying the feedback image

includes displaying the discrete portion of the visual content of each one of said image tiles in a real-time or near real-time manner with respect to each one of the image tiles being generated and wherein displaying the discrete portion of said visual content of each one of the image tiles includes correlating the relative position of each one of the image tiles in the real-time or near real-time manner with at least one other image tile that has been previously generated and displayed.

25.     In addition, or in the alternative, Defendant has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the '965 Patent in violation of 35 U.S.C. § 271(b).

26.     Defendant has been aware of the '965 Patent no later than the service of this complaint upon Defendant.

27.     Defendant has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the '965 Patent.  On information and belief, Defendant has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the '965 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

28.     On information and belief, Defendant's customers purchase the Accused Instrumentalities and, when the customers use the Accused Instrumentalities in accordance with Defendant's instructions, the image processing method is performed as described and claimed in the '965 Patent.  Thus, Defendant's customers directly infringe the claimed methods of the '965

Patent by using the Accused Instrumentalities.  Because the performance of the claimed image processing method is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any substantial uses that do not infringe the '965 Patent. In addition, Defendant provides instructions to end users of its Accused Instrumentalities instructing the end users how to use the Accused Instrumentalities in a manner which directly infringes the '965 Patent.  On information and belief, Defendant is aware that the Accused Instrumentalities perform the claimed image processing method and, therefore, that Defendant's customers directly infringe the '965 Patent by using the Accused Instrumentalities.

29.     Plaintiff has been damaged by Defendant's infringing activities.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '947 Patent)

30.     Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

31.     Upon information and belief, Defendant has been and is now directly and/or indirectly infringing one or more claims of the '947 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

32.     More particularly, without limitation, upon information and belief, Defendant is now directly infringing one or more claims of the '947 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include the image processing system and perform one or more of the methods described and claimed in the '947 Patent.

33.     The Accused Instrumentalities comprise a scanner system that includes a position indicating system configured for generating position indicating data instances, wherein said

position indicating data instances each includes data derived from translational movement of the scanner within a reference plane and from rotational movement of the scanner about a rotational axis extending through the reference plane.

34.     The scanner system of the Accused Instrumentalities also includes an imaging system configured for capturing an image of visual content of a scannable object on which the scanner is being moved.

35.     The scanner system of the Accused Instrumentalities further includes a data processing arrangement configured for deriving from at least one of said position indicating data instances a position of the scanner at a point in time when said image capturing was one of initiated, completed, and partially completed, wherein deriving the position of the scanner includes interpolating the position of the scanner from at least one of said position indicating data instances generated prior to the point in time when said image capturing was one of initiated, completed, and partially completed and at least one of said position indicating data instances generated after the point in time when said image capturing was one of initiated, completed, and partially completed.

36.     Additionally, the Accused Instrumentalities comprise a scanner system that includes a housing having a first surface configured for being engaged by a hand of a user and a second surface configured for slideably supporting the housing on a surface of a scannable object.

37.     The scanner system of the Accused Instrumentalities also includes means coupled to the housing for (1) sensing translational movement of the housing; sensing rotational movement of the housing; (2) capturing an image of visual content on the surface of the scannable object; and (3) deriving from at least one of said translational movement and said

rotational movement a position of the scanner at a point in time when said image capturing was one of initiated, completed, and partially completed.

38.     Furthermore, the Accused Instrumentalities comprise a non-transitory computer-readable medium having computer-executable instructions accessible therefrom, said computer-executable instructions configured for controlling at least one processor to perform a method of processing sensor data generated by an image scanner.

39.     The method performed by the computer-executable instructions of the Accused Instrumentalities include the step of receiving position indicating data instances and an image of visual content of a scannable object on which the scanner is being moved.

40.     The method performed by the computer-executable instructions of the Accused Instrumentalities include the additional step of deriving from at least a portion of said position indicating data instances a position of the scanner at a point in time when said image receiving was one of initiated, completed, and partially completed.

41.     In addition, the Accused Instrumentalities include a scanner system operable to be used by a user to digitize an area of a scannable object comprising a handheld scanner that includes a positioning system configured for detecting a planar position of the handheld scanner and a rotational orientation of the handheld scanner at the planar position and for outputting related position indicating data.

42.     The scanner system of the Accused Instrumentalities also include an imaging system configured for illuminating a portion of the scannable object and for digitizing at least a portion of the scannable object illuminated thereby to generate a plurality of captured image data instances.

43.     The scanner system of the Accused Instrumentalities also include a software application configured for (1) receiving, from the handheld scanner, said position indicating data instances and said captured image data instances; (2) constructing a feedback image using said position indicating data instances and said captured image data instances; and (3) constructing an output image using said position indicating data instances and said captured image data instances.

44.     In addition, or in the alternative, Defendant has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the '947 Patent in violation of 35 U.S.C. § 271(b).

45.     Defendant has been aware of the '947 Patent no later than the service of this complaint upon Defendant.

46.     Defendant has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the '947 Patent.  On information and belief, Defendant has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the '947 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

47.     On information and belief, Defendant's customers purchase the Accused Instrumentalities and, when the customers use the Accused Instrumentalities in accordance with Defendant's instructions, the image processing method is performed as described and claimed in the '947 Patent.  Thus, Defendant's customers directly infringe the claimed methods of the '947

Patent by using the Accused Instrumentalities.  Because the performance of the claimed image processing method is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any substantial uses that do not infringe the '947 Patent. In addition, Defendant provides instructions to end users of its Accused Instrumentalities instructing the end users how to use the Accused Instrumentalities in a manner which directly infringes the '947 Patent.  On information and belief, Defendant is aware that the Accused Instrumentalities perform the claimed image processing method and, therefore, that Defendant's customers directly infringe the '947 Patent by using the Accused Instrumentalities.

48.     Plaintiff has been damaged by Defendant's infringing activities.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '588 Patent)

49.     Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

50.     Upon information and belief, Defendant has been and is now directly and/or indirectly infringing one or more claims of the '588 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

51.     More particularly, without limitation, upon information and belief, Defendant is now directly infringing one or more claims of the '588 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include the image processing system and perform one or more of the methods described and claimed in the '588 Patent.

52.     The Accused Instrumentalities comprise an image capture unit.

53.     The image capture unit of the Accused Instrumentalities includes a position indicating system configured for generating position indicating data instances.

54.     The image capture unit of the Accused Instrumentalities includes an imaging system configured for capturing an image of visual content.

55.     The image capture unit of the Accused Instrumentalities includes a data processing arrangement configured for deriving from at least one of said position indicating data instances a position of the image capture unit at a point in time when a captured image data instance was one of initiated, completed, and partially completed.

56.     In addition, or in the alternative, Defendant has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the '588 Patent in violation of 35 U.S.C. § 271(b).

57.     Defendant has been aware of the '588 Patent no later than the service of this complaint upon Defendant.

58.     Defendant has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the '588 Patent.  On information and belief, Defendant has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the '588 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

59.     Plaintiff has been damaged by Defendant's infringing activities.

## FOURTH CLAIM FOR RELIEF
### (Infringement of the '047 Patent)

60.     Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

61.     Upon information and belief, Defendant has been and is now directly and/or indirectly infringing one or more claims of the '047 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

62.     More particularly, without limitation, upon information and belief, Defendant is now directly infringing one or more claims of the '047 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include the image processing system and perform one or more of the methods described and claimed in the '047 Patent.

63.     The Accused Instrumentalities comprise an image capture unit.

64.     The image capture unit of the Accused Instrumentalities includes means for generating position indicating data instances, wherein said position indicating data instances each includes data derived from translational movement of the image capture unit and from rotational movement of the image capture unit.

65.     The image capture unit of the Accused Instrumentalities includes means for capturing an image of visual content.

66.     The image capture unit of the Accused Instrumentalities includes means for deriving from at least one of said position indicating data instances a position of the image capture unit at a point in time when a captured image data instance was one of initiated, completed, and partially completed.

67.     Additionally, the Accused Instrumentalities comprise an image capture unit.

68.     The image capture unit of the Accused Instrumentalities includes a sensor system for generating a plurality of position indicating data instances.

69.     The image capture unit of the Accused Instrumentalities includes a data processing arrangement configured for deriving from at least one of the position indicating data instances a position of the image capture unit at a point in time when a captured image data instance was one of initiated, completed, and partially completed.

70.     In addition, or in the alternative, Defendant has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the '047 Patent in violation of 35 U.S.C. § 271(b).

71.     Defendant has been aware of the '047 Patent no later than the service of this complaint upon Defendant.

72.     Defendant has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the ' 047 Patent.  On information and belief, Defendant has intended, and continues to intend, to induce such patent infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the ' 047 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

73.     Plaintiff has been damaged by Defendant's infringing activities.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of the '897 Patent)**

74.     Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

75.     Upon information and belief, Defendant has been and is now directly and/or indirectly infringing one or more claims of the '897 Patent by (1) making, importing, using, offering for sale, and/or selling the patented inventions and/or (2) by actively inducing others to use the patented inventions in an infringing manner.

76.     More particularly, without limitation, upon information and belief, Defendant is now directly infringing one or more claims of the '897 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities include the image processing system and perform one or more of the methods described and claimed in the '897 Patent.

77.     The Accused Instrumentalities comprise a non-transitory computer-readable medium having computer-executable instructions accessible therefrom, said computer-executable instructions configured for controlling at least one processor to perform a method of processing information generated by an image capture unit.

78.     The computer-executable instructions comprise operations for processing sensor data received from the image capture unit, wherein said sensor data includes a plurality of image tiles and position indicating data defining a relative position of a respective one of said image tiles, wherein at least a portion of said image tiles includes data representing a discrete portion of visual content.

79.     The computer-executable instructions comprise operations for displaying a feedback image derived using said data representing the discrete portion of said visual content of at least a portion of said image tiles.

80.     The displaying of the feedback image includes displaying the discrete portion of said visual content of at least a portion of said image tiles in response to at least a portion of said image tiles being generated and wherein displaying the discrete portion of said visual content includes correlating the relative position of a particular one of said image tiles with at least one other image tile that has been previously generated and displayed.

81.     Additionally, the Accused Instrumentalities comprise an image capture.

82.     The image capture unit of the Accused Instrumentalities includes a visual display.

83.     The image capture unit of the Accused Instrumentalities includes an image capturing sensor.

84.     The image capture unit of the Accused Instrumentalities includes one or more positional sensors.

85.     The image capture unit of the Accused Instrumentalities includes at least one processor coupled to the visual display, to the one or more positional sensors, and to the image capturing sensor.

86.     The image capture unit of the Accused Instrumentalities includes at least one memory coupled to said at least one processor.

87.     The image capture unit of the Accused Instrumentalities includes instructions accessible from said at least one memory by said at least one processor.

88.     The instructions are configured for causing said at least one processor to: process sensor data received from the image capturing sensor and from the one or more positional sensors.

89.     The sensor data includes a plurality of image tiles and position indicating data, wherein the position indicating data defines a relative position of a respective one of said image tiles.

90.     The at least a portion of said image tiles include data representing a discrete portion of visual content.

91.     The Accused Instrumentalities display, on the visual display, a feedback image derived using at least a portion of said image tiles, wherein causing said at least one processor to display the feedback image includes causing said at least one processor to display at least a portion of said visual content in response to at least a portion of said image tiles being generated and wherein causing said at least one processor to display at least the portion of said visual content includes causing said at least one processor to correlate the relative position of a particular one of said image tiles with at least one other image tile that has been previously generated and displayed.

92.     In addition, or in the alternative, Defendant has been and is now indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the '897 Patent in violation of 35 U.S.C. § 271(b).

93.     Defendant has been aware of the '897 Patent no later than the service of this complaint upon Defendant.

94.     Defendant has engaged in indirect infringement by its conduct of providing its infringing Accused Instrumentalities to end users of those products for the purpose of enabling those end users to use the Accused Instrumentalities to directly infringe the '897 Patent.  On information and belief, Defendant has intended, and continues to intend, to induce such patent

infringement by end users of its Accused Instrumentalities, and has had knowledge that its inducing acts would cause infringement of the '897 Patent or has been willfully blind to the possibility that its inducing acts would cause direct infringement of the patent.

95.     On information and belief, Defendant's customers purchase the Accused Instrumentalities and, when the customers use the Accused Instrumentalities in accordance with Defendant's instructions, the image processing method is performed as described and claimed in the '897 Patent.  Thus, Defendant's customers directly infringe the claimed methods of the '897 Patent by using the Accused Instrumentalities.  Because the performance of the claimed image processing method is an essential part of the functionality of the Accused Instrumentalities, the Accused Instrumentalities do not have any substantial uses that do not infringe the '897 Patent. In addition, Defendant provides instructions to end users of its Accused Instrumentalities instructing the end users how to use the Accused Instrumentalities in a manner which directly infringes the '897 Patent.  On information and belief, Defendant is aware that the Accused Instrumentalities perform the claimed image processing method and, therefore, that Defendant's customers directly infringe the '897 Patent by using the Accused Instrumentalities.

96.     Plaintiff has been damaged by Defendant's infringing activities.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a)     A judgment in favor of Plaintiff that Defendant has directly infringed and/or has indirectly infringed by way of inducement of one or more claims of the Asserted Patents;

(b)      A judgment that Plaintiff has been irreparably harmed by the infringing activities of Defendant, and is likely to continue to be irreparably harmed by Defendant's continued infringement;

(c)      A judgment and order requiring Defendant to pay Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements;

(d)      A judgment awarding Plaintiff its costs as provided under Fed. R. Civ. P. 54(d)(1);

(e)      A judgment for pre- and post-judgment interest on all damages awarded;

(f)      A judgment awarding Plaintiff post-judgment royalties; and

(g)      Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: November 23, 2015

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

/s/ Eric W. Buether
Eric W. Buether (Lead Counsel)
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:     (214) 466-1271
Facsimile:     (214) 635-1827

**ATTORNEYS FOR PLAINTIFF
VISUAL CONTENT IP, LLC**